Triana Indrawati SULIHADE, aka
Mae–Hiang Lie aka Cecilia Lie Mae–
Hiang aka Cecilia Triana Indrawati,
Agnes Felicia, Petitioners,

v.

Michael B. MUKASEY,[1] United States
Attorney General, Respondent.

No. 07–2339–ag.

United States Court of Appeals,
Second Circuit.

April 28, 2008.

Oleh R. Tustaniwsky, Brooklyn, NY, for
Petitioners.

Jeffrey S. Bucholtz, Acting Assistant At-
torney General; Michelle G. Latour, Assis-
tant Director; Tracie N. Jones, Trial At-
torney, Office of Immigration Litigation,

---

1. Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Attorney General Michael B.
Mukasey is automatically substituted for for-
mer Attorney General Alberto R. Gonzales as
the respondent in this case.

United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Triana Indrawati Sulihadi and Agnes Felicia, natives and citizens of Indonesia, seek review of a May 3, 2007 order of the BIA affirming the September 13, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch, which denied Sulihadi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Triana Indrawati Sulihadi and Agnes Felicia,* Nos. A98 419 037, A98 419 038 (B.I.A. May 3, 2007), *aff'g* Nos. A98 419 037, A98 419 038 (Immig. Ct. N.Y. City Sept. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

■ We find that the agency did not err in denying Sulihadi's application for asylum, withholding of removal, and CAT re-

lief. As an initial matter, Sulihadi has waived any challenge to the agency's finding that the harm she suffered did not rise to the level of persecution. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). As Sulihadi failed to establish past persecution, there is no presumption of a well-founded fear of persecution in Indonesia. *See* 8 C.F.R. § 1208.13(b)(1).

Sulihadi does not argue that she would be singled out for persecution if returned to Indonesia. To establish a well-founded fear of persecution, however, an applicant need not "provide evidence that there is a reasonable possibility he or she would be singled out individually for persecution if ... [t]he applicant establishes that there is a pattern or practice in his or her country of nationality ... of persecution of a group of persons similarly situated to the applicant." 8 C.F.R. § 1208.13(b)(2)(iii). The BIA has found that a pattern or practice of persecution is the systematic or pervasive persecution of a group. *In re A–M–,* 23 I. & N. Dec. 737, 741 (B.I.A.2005) (citing *Lie v. Ashcroft,* 396 F.3d 530, 537 (3d Cir. 2005)).

■ Here, contrary to Sulihadi's assertion, the IJ considered all of the background evidence in the record, and acknowledged that Indonesia has human rights problems and that Chinese Christian Indonesians have suffered discrimination and periods of persecution in that country. However, the IJ appropriately relied on recent country conditions evidence to find that Indonesia "has made progress in ethnic and religious relations," such "that the threat of harm to ethnic-Chinese and to Christians in Indonesia is not so systematic or pervasive to amount to a pattern of practice of persecution." [2]

---

2. While we have expressed our concern that "*In re A–M–* does not provide us sufficient guidance for how to evaluate a pattern and practice claim," *see Mufied v. Mukasey,* 508

F.3d 88, 92 (2d Cir.2007), we decline to remand on that basis. This case is distinguishable from *Mufied,* where we remanded to the

Indeed, the background materials indicate that interreligious violence in Indonesia has decreased and appears to have been contained largely to areas far from Sulihadi's home in Jakarta. These materials also reflect that conditions have improved for ethnic Chinese Indonesians since the 1990s. As such, the agency did not err in finding that Sulihadi failed to establish a pattern or practice of persecution in Indonesia against ethnic Chinese Indonesian Christians.[3]

■ As the agency did not err in concluding that Sulihadi failed to establish a well-founded fear of persecution if returned to her native country, it did not err in denying her application for asylum, withholding of removal, and CAT relief where all three claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

agency for consideration of a pattern or practice of persecution claim because "[n]either the IJ nor the BIA appear[ed] to have considered [the petitioner's] claim that there is a pattern of persecution of Christians in Indonesia." *Id.* at 91. Here, in contrast, the agency clearly addressed Sulihadi's pattern and practice of persecution claim in the first instance. Thus, while we continue to await more thorough guidance from the agency regarding pattern and practice claims generally, we are satisfied that the BIA considered and properly rejected Sulihadi's claim.

3. Moreover, as the IJ reasonably found, and the BIA agreed, Sulihadi's husband and son, who are also ethnic Chinese and Catholic, remain unharmed in Indonesia, further undercutting the objective reasonableness of her claim of a well-founded fear of persecution. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999).